IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 3:21-00057

THOMAS RAY III

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Thomas Ray III's Motion to Dismiss. ECF No. 105. In it, Mr. Ray argues that the Superseding Indictment returned against him should be dismissed, as 18 U.S.C. 922(g)(1), which prohibits felons from possessing firearms, is either unconstitutional as applied or facially unconstitutional pursuant to *NY State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). For the reasons below, the Motion is **DENIED**. ECF No. 105.

**BACKGROUND**

On April 27, 2021, Mr. Ray was charged in a single-count indictment of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Indictment, ECF No. 14. A superseding indictment was returned against him two years later, on April 18, 2023. Superseding Indictment, ECF No. 90. The Superseding Indictment similarly alleges a single count against Mr. Ray for violating §§ 922(g)(1) and 924(a)(2). *Id.* The Superseding Indictment alleges that Mr. Ray knowingly possessed a firearm despite having been convicted of 1) forcible detention/armed in Illinois state court in 2012, 2) giving a false bomb/gas alarm in Illinois state court in 2012, and 3) being a felon in possession of a firearm in this Court in 2013. *Id.* Mr. Ray moved to file a belated pretrial motion on June 20, 2023, which the Court granted. ECF No. 107. Mr. Ray subsequently moved to dismiss the Superseding Indictment, arguing that the statute under

which Mr. Ray has been charged is unconstitutional. Mot. to Dismiss, ECF No. 105. Mr. Ray's case is set for trial on July 11, 2023. ECF No. 97.

In his Motion to Dismiss, Mr. Ray cites two circuit court cases—*Range v. Attorney Gen.*, 69 F.4th 96 (3d Cir. 2023), and *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023)—for the proposition that felon disarmament statutes are unconstitutional under *Bruen*. Def.'s Mot. to Dismiss, ECF No. 105. In *Range*, the Third Circuit held that the Nation's historical tradition of firearm regulation did not support depriving an individual convicted of making a false statement to obtain food stamps of his Second Amendment rights. 69 F.4th at 106. Likewise, in *Rahimi*, the Fifth Circuit found that a federal statute prohibiting firearm possession by an individual subject to a domestic violence restraining order violated the Second Amendment. *Id.* at 461. Mr. Ray argues that *Range* and *Rahimi* both indicate that 1) his conduct falls under the plain text of the Second Amendment, and 2) felon disarmament laws are not consistent with the Nation's historical tradition of firearm regulation. Mot. to Dismiss at 5-6, ECF No. 105. It is not clear whether Mr. Ray intends to bring a facial or as-applied challenge to § 922(g)(1). *Compare id.* at 8 (arguing the statute is unconstitutional on its face), *with id.* at 5 (arguing that the facts of Mr. Ray's case are analogous to the facts in *Rahimi* and *Range*).

The Government responds that *Range* and *Rahimi* are inapposite—*Range*, it argues, was a narrow holding that does not apply when the prior conviction was for a violent felony, such as in Mr. Ray's case. Resp. to Mot. to Dismiss at 17, ECF No. 114. Similarly, *Rahimi* is not dispositive because it merely applied to an individual subject to a domestic violence protection order rather than an individual convicted of a felony. *Id.* at 18. The Government further argues that the Second Amendment's protections do not extend to individuals convicted of felonies, particularly when an individual is convicted of a violent felony. *Id.* at 3. However, even if such individuals did fall under

the protections of the Second Amendment, the Government contends that § 922(g)(1) would still pass muster because it is consistent with the Nation's historical tradition of firearm regulation. *Id.*

## LEGAL STANDARD

In June 2022, the Supreme Court announced a new standard for assessing the constitutionality of regulations under the Second Amendment. *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Prior to *Bruen*, courts assessed the constitutionality of regulations under the Second Amendment using the means-end analysis set forth in *District of Columbia v. Heller*, 554 U.S. 570 (2008). *Bruen* discarded this framework, acknowledging that despite its popularity, "it is one step too many." *Id*. at 2127. The Court then rejected the means-end scrutiny employed in *Heller*, finding instead that "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id*.

Though it disclaimed the previous two-step analysis, the *Bruen* court proceeded to create a new two-step methodology. *Id.* at 2126. First, courts must determine whether the individual's conduct falls under the Amendment's plain text—if it does, "the Constitution presumptively protects that conduct." *Id.* If the conduct is presumptively protected, the Government can rebut this presumption by demonstrating the firearm regulation is "consistent with this Nation's historical tradition." *Id.* Only after this showing "may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id*. at 2130 (internal quotation marks omitted).

## ANALYSIS

Mr. Ray sets forth both a facial and as-applied challenge to the constitutionality of § 922(g)(1) under the Second Amendment. *See* Mot. to Dismiss at 5, 8, ECF No. 105. Section

922(g)(1) prohibits any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from "possess[ing] . . . or receiv[ing] any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." This is not the first time the Court has confronted the constitutionality of felon disarmament laws. *See United States v. Jeffreys*, No. 3:21-00216, at 1 (S.D.W. Va. Nov. 1, 2022); *United States v. Porter*, No. 3:22-00055, 2023 WL 113739 (S.D.W. Va. Jan. 5, 2023).

Nor is this Court alone—other district courts have repeatedly re-examined the constitutionality of felon disarmament laws in light of *Bruen*. While the vast majority of these analyses reach the same endpoint, they travel distinct paths to get there. *Compare United States v. Price*, No. 21-cr-164, 2023 WL 1970251, at *2-3 (N.D. Ill. Feb. 13, 2023) ("Because the Second Amendment's plain text does not cover the possession of a firearm by a felon," the court need not perform a historical analysis pursuant to *Bruen*), *with United States v. Barber*, No. 4:20-CR-384-SDJ, 2023 WL 1073667, at *7-11 (E.D. Tex. Jan. 27, 2023) (finding a historical analogue to § 922(g)(1) under *Bruen*). In general, courts have taken three approaches to affirming the constitutionality of felon disarmament laws, holding either that (1) *Bruen* and *Heller*'s language exempts non-law abiding citizens from the Second Amendment,[1] (2) sufficient historical

---

[1] *See, e.g.*, *United States v. Price*, No. 21-cr-164, 2023 WL 1970251, at *2-3 (N.D. Ill. Feb. 13, 2023); *United States v. Jackson*, No. CR-22-01969-TUC-JGZ-JR, 2023 WL 19655424, at *1 n.2 (D. Ariz. Feb. 13, 2023); *United States v. Farley*, No. 22-cr-30022, 2023 WL 1825066, at *3 (C.D. Ill. Feb. 8, 2023); *United States v. Davis*, No. 5:19-159-DCR, 2023 WL 373172, at *2 (E.D. Ky. Jan. 24, 2023); *Battles v. United States*, No. 4:23-cv-00063-HEA, 2023 WL 346002, at *1 (E.D. Mo. Jan. 20, 2023); *United States v. Robinson*, No. 22-00070-01-CR-W-BP, 2023 WL 214163, at *1 (W.D. Mo. Jan. 17, 2023); *United States v. Tucker*, No. 2:22-cr-00017, 2023 WL 205300, at *1 (S.D.W. Va. Jan. 17, 2023); *United States v. Price*, — F. Supp. 3d —, 2022 WL 6968457 at *8-9 (S.D.W. Va. Oct. 12, 2022); *United States v. Medrano*, No. 3:21-CR-39, 2023 WL 122650, at *2 (N.D.W. Va. Jan. 6, 2023); *United States v. Coleman*, No. 3:22-CR-8-2, 2023 WL 122401, at *2 (N.D.W. Va. Jan. 6, 2023); *United States v. Ingram*, 623 F.Supp.3d 660, 664 (D.S.C. 2022); *Davis v. United States*, 2023 WL 129599, at *4 (N.D. Tex. Jan. 9, 2023); *Gilpin v. United States*, No. 22-04158-CV-C-RK-P, 2023 WL 387049, at *4 (W.D. Mo. Jan. 3, 2023); *United States v. Davis*, No. 5:19-CR-00159-DCR-EBA-1, 2022 WL 18587703, at *8 (E.D. Ky. Dec. 29, 2022). *See also Doe v. Bonta*, No. 22-cv-10-LAB-DEB, 2023 WL 187574, at *5 n.3 (S.D. Cal.

analogues exist for the prohibition to pass constitutional muster,[2] or (3) post-*Heller* but pre-*Bruen* circuit caselaw finding § 922(g)(1) constitutional was not overruled by *Bruen*, as those decisions relied on historical analogical reasoning.[3]

---

Jan. 12, 2023) (assuming *Bruen* did not displace regulations under § 922(g)). *But see United States v. Goins*, — F. Supp. 3d —, 2022 WL 17836677, at *3, 5 (E.D. Ky. Dec. 21, 2022) (rejecting this line of reasoning in light of *Bruen*).

[2] *See, e.g.*, *United States v. Martin*, No. 2:21-cr-00068, 2023 WL 1767161, at *3 (D. Vt. Feb. 3, 2023) (not specifying exact historical analogue); *United States v. Taylor*, No. 3:22-cr-00022-GFVT-EBA-1, 2023 WL 1423725, at *2 (E.D. Ky. Jan. 31, 2023) (citing pre-colonial English law concerning disarming dangerous individuals); *United States v. Barber*, No. 4:20-CR-384-SDJ, 2023 WL 1073667, at *7-11 (E.D. Tex. Jan. 27, 2023) (citing an array of early American law to find a historical tradition of prohibiting firearms for dangerous persons applies to at least violent felonies); *United States v. Brown*, No. 20-260-1, 2023 WL 424260, at *3 (E.D. Pa. Jan. 26, 2023) (not specifying exact historical analogue); *Campiti v. Garland*, No. 3:22-cv-177, 2023 WL 143173, at *3-4 (D. Conn. Jan. 10, 2023) (finding a historic tradition of preventing dangerous persons from possessing firearms); *United States v. Goins*, — F. Supp. 3d —, 2022 WL 17836677, at *12 (E.D. Ky. Dec. 21, 2022) (finding English law of felon disarmament and colonial law of disarming the dangerous sufficiently analogous). *See also United States v. Lewis*, No. CR-22-368-F, 2023 WL 187582, at *4 (W.D. Okla. Jan. 13, 2023) (finding historic restrictions on the possession of firearms by the "mentally unfit" to be analogous to § 922(g)(3)); *United States v. Black*, No. 22-133-01, 2023 WL 122920, at *4 (W.D. La. Jan. 6, 2023) (surveying a variety of caselaw finding historical analogues to § 922(g)(3)); *United States v. Seiwert*, No. 20 CR 443, 2022 WL 4534605, at *2 (N.D. Ill. Sept. 28, 2022) ("In this case, § 922(g)(3) is relevantly similar to regulations aimed at preventing dangerous or untrustworthy persons from possessing and using firearms, such as individuals convicted of felonies or suffering from mental illness."); *United States v. Simien*, No. SA-22-CR-00379-JKP, 2023 WL 1980487, at *7 (W.D. Tex. Feb. 10, 2023) ("[T]he Court finds the Government met its burden to show § 922(n) is consistent with historical traditions of firearms restrictions in the form of surety laws.")

[3] *See, e.g.*, *Shipley v. Hijar*, No. EP-23-CV-11-KC, 2023 WL 353994, at *3-4 (W.D. Tex. Jan. 20, 2023) (citing *United States v. Darrington*, 351 F.3d 632 (5th Cir. 2003)); *United States v. Jordan*, No. EP-22-CR-01140-DCG-1, 2023 WL 157789, at *3-7 (W.D. Tex. Jan. 11, 2023) (same); *United States v. Gleaves*, — F. Supp. 3d —, 2023 WL 1791866, at *3 (M.D. Tenn. Feb. 6, 2023) (citing *Stimmel v. Sessions*, 879 F.3d 198, 206 (6th Cir. 2018) and additionally finding *Bruen* did not clearly displace the "law-abiding" language of *Heller*); *United States v. Jackson*, No. CR22-37RSL, 2023 WL 1967199, at *4-5 (W.D. Wash. Feb. 13, 2023) (citing *United States v. Vongxay*, 594 F.3d 1111, 1113-15 (9th Cir. 2010)). *United States v. Moore*, No. 3:20-cr-00474-IM-1, 2023 WL 154588, at *2 (D. Or. Jan. 11, 2023) (same); *United States v. Wondra*, No. 1:22-cr-00099-BLW, 2022 WL 17975985, at *2 (D. Idaho Dec. 27, 2022) (same); *United States v. Kirby*, No. 3:22-cr-26-TJC-LLL, 2023 WL 1781685, at *2-3 (M.D. Fla. Feb. 6, 2023) (citing *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010)); *United States v. Isaac*, No. 5:22-cr-117-LCB-HNJ-1, 2023 WL 1415597, at *5 (N.D. Ala. Jan. 31, 2023) (same); *United States v. Williams*, No. 1:21-cr-00362-LMM-LTW-1, 2022 WL 17852517, at *2 (N.D. Ga. Dec. 22, 2022) (same). *See also United States v. Posey*, No. 2:22-CR-83 JD, 2023 WL 1869095, at *7 (N.D. Ind. Feb. 9, 2023) (citing *United States v. Yancey*, 621 F.3d 681 (7th Cir. 2010), to find § 922(g)(3) constitutional post-

In the first category, district courts reason that "the Second Amendment's plain text does not cover the possession of a firearm by a felon," based on the "law-abiding" language used in *Bruen* and *Heller*. *See, e.g.*, *United States v. Price*, No. 21-cr-164, 2023 WL 1970251, at *2-3 (N.D. Ill. Feb. 13, 2023). Some of these opinions merely hold that nothing in *Bruen* or *Heller* expressly abrogates § 922(g)(1), noting that both cases emphasize the "law-abiding" nature of the plaintiffs therein. *See, e.g.*, *Davis v. United States*, 2023 WL 129599, at *4 (N.D. Tex. Jan. 9, 2023). Other opinions expressly hold that *Bruen* and *Heller* place felons outside of the ambit of the Second Amendment's definition of "person." *See, e.g.*, *United States v. Medrano*, No. 3:21-CR-39, 2023 WL 122650, at *2 (N.D.W. Va. Jan. 6, 2023) ("[t]he bottom line is [the defendant's] status as a felon removes him from 'the people' enumerated in the Second Amendment").

In the second category, courts hold that while felon disarmament laws do implicate the Second Amendment's plain text, the Government proffered sufficient historical analogues to rebut the presumption of unconstitutionality. *See, e.g.*, *United States v. Barber*, No. 4:20-CR-384-SDJ, 2023 WL 1073667, at *7-11 (E.D. Tex. Jan. 27, 2023). However, this line of analysis has created a bundle of contradictions—just as often as one court accepts an analogue, another court rejects it and accepts a different analogue in its stead. *Compare United States v. Simien*, No. SA-22-CR-00379-JKP, 2023 WL 1980487, at *7 (W.D. Tex. Feb. 10, 2023) ("[T]he Court finds the Government met its burden to show § 922(n) is consistent with historical traditions of firearms restrictions in the form of surety laws."); *with United States v. Stambaugh*, — F. Supp. 3d —, 2022 WL 16936043, at *6 (W.D. Okla. Nov. 14, 2022) (rejecting the surety law analogy for § 922(n)).

In the third category, district courts hold that *Bruen* did not displace post-*Heller* circuit court decisions that § 922(g)(1) is constitutional. *See, e.g.*, *Shipley v. Hijar*, No. EP-23-CV-11-

---

*Bruen*). *But see United States v. Goins*, — F. Supp. 3d —, 2022 WL 17836677, at *2 (E.D. Ky. Dec. 21, 2022) (rejecting this line of reasoning in light of *Bruen*).

KC, 2023 WL 353994, at *3-4 (W.D. Tex. Jan. 20, 2023) (citing *United States v. Darrington*, 351 F.3d 632 (5th Cir. 2003)). Decisions fitting into this category rely on post-*Heller* historical analysis by circuit courts, underscoring that pre-*Bruen* decisions did not rely on means-end scrutiny. *See, e.g.*, *United States v. Jackson*, No. CR22-37RSL, 2023 WL 1967199, at *4-5 (W.D. Wash. Feb. 13, 2023) ("[I]n *Vongxay*, the Ninth Circuit relied on *Heller*, the text of the Second Amendment, and historical understanding to conclude that § 922(g)(1) did not violate the Second Amendment.") (citing *United States v. Vongxay*, 594 F.3d 1111, 1113-15 (9th Cir. 2010)); *see Bruen*, 142 S. Ct. at 2174. Some district courts further underscore their inability to overturn appellate court precedent absent explicit direction to do so. *See, e.g.*, *United States v. Gleaves*, — F. Supp. 3d —, 2023 WL 1791866, at *3 (M.D. Tenn. Feb. 6, 2023) ("Absent a clear directive from the Supreme Court, this Court is bound by Sixth Circuit precedent."). However, this approach is not available in the Fourth Circuit, as the Fourth Circuit's post-*Heller* decision determining the constitutionality of § 922(g)(1) did not engage in historical analysis. *See United States v. Moore*, 666 F.3d 313, 317-320 (4th Cir. 2012). Instead, the Fourth Circuit reasoned that language in *Heller* meant the statute was "presumptively lawful." *Id.* at 320.

This Court has followed the first approach on the two occasions it confronted *Bruen*-based challenges to § 922. In *United States v. Porter*, No. 3:22-00055, 2023 WL 113739 (S.D.W. Va. Jan. 5, 2023), this Court denied a defendant's challenge to her indictment under §§ 922(d)(1) and 924(a)(2). *Id.* at *2-3. There, the Court held that "*Bruen* did not change the distinction between law-abiding and non-law-abiding citizens—thus, nothing in *Bruen* prevents Congress from prohibiting felons from possessing firearms." *Id.* at *2. Similarly, in *United States v. Jeffreys*, No. 3:21-00216, at 1 (S.D.W. Va. Nov. 1, 2022), this Court found that "[t]he distinction *Heller* and *McDonald* drew between law-abiding citizens and non-law-abiding ones clarified the bounds of

the Second Amendment. The Supreme Court's decision in *Bruen* did not change that distinction." *Id.* Accordingly, the Court denied Mr. Jeffrey's motion to dismiss an indictment under a number of statutes including § 922(g)(1).

In the instant Motion, Mr. Ray casts the relevant language in *Heller* as " a mirage of dicta" which has since been abrogated by *Bruen*. Def.'s Reply at 3-8, ECF No. 122. The Court is not convinced. First, if *Bruen*'s holding had superseded *Heller* as to felon disarmament laws, this Court is doubtful that *Bruen* would have reiterated the "law-abiding" nature of its plaintiffs twenty-eight times. *See* 142 S. Ct. 211 *passim*. Similarly, if *Heller*'s emphasis on the on-going constitutionality of felon disarmament laws were innately *dicta*, it would not have bound the Fourth Circuit in its pre-*Bruen* determination of the constitutionality of § 922(g)(1). *See Moore*, 666 F.3d at 317-320 There, the Fourth Circuit found that the defendant, a convicted felon, "simply [did] not fall within the category of citizens to which the *Heller* court ascribed the Second Amendment protection of 'the right of law-abiding responsible citizens to use arms in defense of hearth and home.'" *Id.* at 319. Even if the Supreme Court were to further define "law-abiding, responsible citizen," the Fourth Circuit opined that the defendant would not fall under its purview, as he had three prior felony convictions including common law robbery and assault with a deadly weapon. *Id.* at 319-320.

This Court is similarly doubtful that Mr. Ray would fall under any definition, however expansive, of a "law-abiding, responsible citizen." On top of his previous conviction for being a felon in possession of a firearm in this District, Mr. Ray has also been convicted of forcibly detaining someone while armed. Superseding Indictment, ECF No. 90. Just as the defendant in *Moore* did not constitute a "responsible, law-abiding citizen" due to his extensive and violent criminal history, so too is Mr. Ray's conduct "plainly outside the scope of the Second

Amendment." 666 F.3d at 320. While Mr. Ray argues that his previous convictions were not violent felonies because they did not involve attacking, evading, or shooting at any law enforcement officers, this argument does not hold weight. Def.'s Reply at 1, ECF No. 122. Forcibly detaining someone while armed is an inherently violent crime, one that places Mr. Ray outside the group of "law-abiding, responsible citizens" described in *Heller* and *Bruen*. The Court, therefore, rejects Mr. Ray's facial and as-applied challenges to the constitutionality of § 922(g)(1).

## CONCLUSION

For the reasons above, the Court **DENIES** the Motion to Dismiss (ECF No. 105) and concludes that 18 U.S.C. § 922(g)(1) is neither facially unconstitutional nor unconstitutional as applied to Mr. Ray.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   July 6, 2023

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE